IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br><br><br><br>                vs.<br><br><br>CLARENCE EUGENE VINCENT,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF DETENTION<br><br><br><br><br>Case No. 2:08-CR-252 TS |

This matter comes before the Court on Defendant's Motion for Review of Detention.[1]

The Court considers Defendant's request for a review of the Magistrate Judge's Order detaining the defendant—technically "a motion for revocation or amendment of the order" detaining him—under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[2]  The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate's findings or conclusions.[3]  In so doing, the Court may elect to start from scratch and take evidence—whether

----

[1]Docket No. 11.

[2]"Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant."

[3]DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D. Colo. 2002); *see also United States v. Cisneros*,  328 F.3d

or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[4]  Although an evidentiary hearing is not required, this Court's policy is to hold a hearing and allow the parties to present any information they choose in support of their positions on detention.

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in § 3142.[5]  Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[6]

However, after a hearing pursuant to Subsection (f), if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person before trial.[7]

Subsection (g) to § 3142 sets forth factors the Court is to consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ."  Those factors include "the nature and circumstances of the offense, including whether the offense is a crime of violence

---

610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[4]*Lutz,* 207 F.Supp.2d at 1251.

[5]18 U.S.C. § 3142.

[6]18 U.S.C. § 3142(b),(c), and (e).

[7]18 U.S.C. § 3142(e).

or involves a narcotic drug; the weight of the evidence; the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community posed by a release on conditions."[8]

Defendant was ordered detained by Magistrate Judge Wells "due to [the] nature of circumstances, history of non-compliance, [and] prior criminal history."[9]  At oral argument before this Court, Defendant's counsel represented that Defendant's history indicated that Defendant did not pose a danger to society and that adequate conditions could be imposed that would insure compliance.  The government represented that Defendant had engaged in behavior while incarcerated that indicated he would not be compliant upon release, regardless of conditions imposed, and that he was now an admitted methamphetamine user.

The Court finds that Defendant is a risk of nonappearance based upon his admitted methamphetamine use, the history of failure to appear, and the potential penalty he faces if found guilty of all charges at this proceeding.  The Court further finds that he poses a risk of danger based on his prior criminal history, his methamphetamine use, the nature of the offense alleged against him, and the circumstances involving his alleged obstruction of justice.  For these reasons, the Court finds that Defendant constitutes a risk of nonappearance and danger to society and Judge Wells' Order of Detention[10] is affirmed.  It is therefore

ORDERED that Defendant's Motion for Review of Detention (Docket No. 11) is DENIED.

---

[8]*Lutz*, 207 F.Supp.2d at 1251.

[9]Docket No. 7.

[10]Docket No. 8.

DATED   June 4, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge