IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENCE EUGENE VINCENT,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT, MOTION FOR REVIEW OF DETENTION, MOTION FOR SANCTIONS, AND MOTION FOR PERMISSION TO SUBPOENA WITNESSES<br><br>Case No. 2:08-CR-252 TS |

I.  BACKGROUND

This matter is before the Court on a number of motions filed by Defendant.  Defendant has been charged with distribution of methamphetamine, as well as aiding and abetting the distribution of methamphetamine.  Specifically, On August 8, 2008, Defendant filed a Motion for Disclosure of Identity of Confidential Informants,[1] a Motion to Suppress for Miranda Violation,[2] and a Motion to

---

[1] Docket No. 32.

[2] Docket No. 34.

1

Strike Sentencing Enhancement.[3] On August 27, 2008, Defendant filed an Objection to Notice of Hearing on Motion and Motion for Sanctions,[4] claiming that the government impermissibly engaged in ex parte communications related to the case with an employee of the Court. On October 8, 2008, Defendant filed a Motion for Review of Detention,[5] claiming that the government perpetrated fraud on the Court during the June 3, 2008, hearing on Detention. Finally, on October 13, 2008, Defendant filed an Application for Authority to Subpoena Witnesses at Government Expense,[6] in order to present evidence of alleged animus on the part of the government towards Defense counsel. A hearing was held on October 30, 2008 (the "October Hearing"), in order to hear testimony from an FBI agent (the "Agent"), as well as oral arguments from the Parties, on the various motions. Based on the evidence presently before the Court, including the arguments of the Parties at the October Hearing, and for the reasons described below, the Court will deny Defendant's Motion to Strike and Motions for Disclosure, Sanctions, Review of Detention, and Permission to Subpoena Witnesses.

During the October Hearing, the government attempted to introduce into evidence recordings of four phone calls made by Defendant to his mother and other acquaintances. Due to the poor audio quality of the tapes, the Court denied the government's request that the tapes be admitted into evidence, and ordered that transcripts be prepared, approved by Defense counsel, and then submitted to the Court. On October 31, 2008, the government filed a Motion to Modify Court's Order

---

[3]Docket No. 35.

[4]Docket No. 45.

[5]Docket No. 52.

[6]Docket No. 55.

Regarding Transcripts,[7] representing to the Court that lack of audio quality at the October Hearing was due to the poor acoustics of the hearing room, rather than quality of the recordings themselves, and that providing transcripts would require a significant amount of effort and expense. In the interest of judicial economy, and relying upon the representations of the government, the Court will grant the government's Motion and allow the introduction of the recordings.

## I.  DISCUSSION

A.  MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT

The Motion to Disclose is based on Defendant's stated intent to offer an entrapment defense. Defendant believes that he was targeted by the government in order to ensnare him in legal proceedings so that he would turn against a purported white supremacist gang leader and methamphetamine trafficker (the "Trafficker").

Defendant alleges that an acquaintance (the "Acquaintance") asked Defendant to set up a meeting with the Trafficker, which Defendant did. Also in attendance at the meeting was the Agent. The Acquaintance allegedly bought meth from the Trafficker at that dinner, but away from the table where Defendant was sitting, and the Trafficker was arrested and charged for that offense. The Acquaintance gave $100 to everyone in attendance at the meeting.

Defendant and the Acquaintance left town for a few days and, on their way back, the Acquaintance and Defendant allegedly discussed Defendant's unemployment and need for money. The Acquaintance told Defendant that he and his friend, the Agent, had a plan to make money selling meth and asked Defendant if he could get meth. The Agent allegedly offered money and asked for help as a friend. Defendant was able to immediately get a small bag of meth, for which he is not

---

[7]Docket No. 64.

3

charged. The Acquaintance continued to ask for Defendant's help and Defendant was able to arrange a deal wherein he went to a parking lot, took the meth from a third party, walked it across the parking lot, and handed the drugs to the Agent. The Agent also asked if Defendant could get him a gun, but Defendant told the Agent that he was unable to help him. A few weeks later, Defendant engaged in a "transaction" with the Agent and "made some money."[8] Defendant was incarcerated for a time and, while he was incarcerated, the Agent made contact with Defendant's supplier. Upon Defendant's release from incarceration, he asked the Agent to deal directly with the supplier and to not involve Defendant any longer.

Defendant believes that either one of two individuals were agents of the government at the time of Defendant's involvement, and requests that the Court order the government to reveal whether or not they were being paid by the government during the relevant time period. As a preliminary matter, the Court notes that, unlike the majority of cases dealing with disclosure of the identities of confidential informants, Defendant is not asking for the identity of some anonymous third party who has made an accusation against Defendant. Rather, Defendant knows the individual with whom he dealt, and from whom he believes the government received their information, and simply wants the government to confirm his suspicions.[9]

A decision regarding disclosure of the identity of a confidential informant requires "balancing the public interest in protecting the flow of information against the individual's right to

---

[8] Docket No. 58-2, ¶ 10.

[9] Defendant also asks that the government be required to disclose anyone "in the chain leading to [Defendant]" who was an agent of the Government. Docket No. 33 at 5. This claim lacks any specificity regarding what role any such individuals might have played in entrapping Defendant, and will be disregarded by the Court.

4

prepare his defense."[10]  The Tenth Circuit has held that disclosure is required if the individual's testimony "might be relevant to the defendant's case and justice would be best served by disclosure,"[11] and that the court must consider the particular circumstances of the case, including the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.[12]  "Mere speculation about the usefulness of an informer's testimony is not sufficient."[13]  Moreover, "where the information sought would be merely cumulative, or where the informer did not participate in the illegal transaction, disclosure is not required."[14]

Defendant claims that the information is needed in order to prepare an entrapment defense. In order to prevail in his Motion to Disclose, Defendant must show that the government's interest in facilitating the continued flow of information to law enforcement is outweighed by the relevance and helpfulness of the information he seeks to his entrapment defense.  To prevail on an entrapment defense, Defendant would be required to establish (1) that government agents induced the defendant to commit the offense and (2) that defendant was not otherwise predisposed to commit the offense.[15]

---

[10] *Roviaro v. United States*, 353 U.S. 53, 62 (1957).

[11] *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000-01 (10th Cir. 1992) (internal citation omitted).

[12] *United States v. Mendoza*, 236 Fed. Appx. 371, 386 (10th Cir. 2007) (quoting *Roviaro*, 353 U.S. at 59).

[13] *Id.* (quoting *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987)).

[14] *Mondoza-Salgado*, 964 F.2d at 1001.

[15] *United States v. Yarbrough*, 527 F.3d 1092, 1099 (10th Cir. 2008).

"Only when the government deceives the defendant in such a way as to 'actually implant[ ] the criminal design' in the defendant's mind does entrapment come into play."[16]

Defendant offers nothing more than suspicion or speculation that the second individual was in any way involved in the alleged entrapment, so Defendant's motion with regard to the second individual will be denied. With regard to Defendant's allegations that the Acquaintance may have been the tool by which Defendant was entrapped, the evidence currently before the Court does not support such an allegation. The evidence currently before the Court simply cannot sustain an inference that the government deceived the defendant in any way, so as to implant the criminal design in his mind. Even if the Acquaintance was a government agent, as alleged by Defendant, there is no evidence that he did anything other than offer Defendant a way to earn money. Without some evidence that Defendant was not otherwise predisposed to commit the crime, speculations and allegations that friendship and promises of money were used to entice Defendant into committing the crime are insufficient.[17]

Defendant has submitted an affidavit[18] which purports to offer evidence that Defendant was not predisposed to traffick or deal in methamphetamine or other illegal substance. However, it offers no more than a personal affirmation of the lack of predisposition, and then proceeds to admit a conviction for dealing cocaine in 1989 and daily personal use of methamphetamine beginning in early November 2007. In short, Defendant's affidavit offers no convincing evidence regarding a lack of predisposition to traffick in methamphetamine.

---

[16]*United States v. Madrigal*, 43 F.3d 267, 1369 (10th Cir. 1994).

[17]*Mendoza*, 236 Fed. Appx. at 386.

[18]Docket No. 61.

Defendant's Motion for Disclosure will also be denied because the Acquaintance did not participate in the illegal transaction for which Defendant was arrested. The Acquaintance put Defendant in contact with the Agent, who is already known by Defendant to be an FBI agent. Beyond that introduction, however, there is no allegation by Defendant that the Acquaintance was involved, in any way, with the two drug deals for which Defendant is charged.

Defense Counsel argued at the October Hearing that, if the Acquaintance was a government agent at the time Defendant arranged a small bag of methamphetamine for the Acquaintance, that transaction would be entrapment, and that subsequent drug crimes committed by Defendant would be covered by the same entrapment defense, even though the Acquaintance was not directly involved. The U.S. Supreme Court has stated that a single act of entrapment can provide an entrapment defense for more than one crime, so long as the series of crimes constituted a "course of conduct" which was the product of the original inducement.[19] Defendant, however, has failed to show that the crimes for which Defendant is charged are part of course of conduct with the original interaction between the Acquaintance and Defendant. Even by Defendant's own allegations, the Acquaintance provided Defendant's phone number to the Agent and then ceased to be involved. Once again, Defendant is unable to provide evidence beyond mere speculation regarding the alleged entrapment, so the Court will deny his Motion to Disclose.

B.   MOTION TO STRIKE SENTENCING ENHANCEMENT

On June 6, 2008, Defendant received notice of a sentencing enhancement as a result of a prior conviction for distribution of a controlled substance.[20] This notice was filed slightly more than one

---

[19] *Sherman v. United States*, 356 U.S. 369, 374 (1958).

[20] Docket No. 24.

month after Defendant was indicted for the crimes charged, and after defense counsel had made multiple attempts to request a plea negotiation on behalf of Defendant. Defendant moves to strike the sentencing enhancement because he claims that it was imposed as a result of the animus felt towards defense counsel by government counsel. This animus arises, Defendant claims, from the fact that defense counsel opposed the government's counsel in a 2007 trial, and allegedly exposed improprieties by the government's counsel during that trial. Defendant also alleges that the government has refused to make a plea offer in this case and has largely ignored defense counsel's requests, all due to this animus.

Defendant correctly states that a vindictive prosecution is one in which the prosecutor seeks to punish a defendant for exercising a protected constitutional right.[21] Defendant argues that he was punished for exercising the following protected constitutional rights: (1) seeking a plea offer from government counsel; (2) writing to the supervisor of government counsel seeking a plea offer; and (3) exploring possible defenses.[22] However, Defendant's application of the principle in this case fails, and his Motion to Strike will be denied.

Defendant has offered no justification for his argument that a claim of vindictive prosecution may be based upon animus towards defense counsel. Underlying Defendant's claims is the argument that government counsel is angry at *defense counsel* for actions taken in a prior case. In short, Defendant claims that the sentencing enhancement is in retaliation for exercising certain rights, but Defendant's arguments clearly demonstrate that the cause of the allegedly vindictive prosecution is not in retaliation for exercising certain rights, but rather anger towards defense counsel. Moreover,

---

[21]*United States v. Goodwin*, 457 U.S. 368, 372 (1982); *Unites States v. Thomas*, 410 F.3d 1235, 1246 (10th Cir. 2005).

[22]Docket No. 36 at 5.

Defendant has offered no evidence that the imposition of the sentencing enhancement was actually motivated by animus, rather than being standard practice by the United States Attorney's office, as asserted by the government at the October Hearing.

C. MOTION FOR REVIEW OF DETENTION

On May 5, 2008, Magistrate Judge Wells issued an Order of Detention Pending Trial for Defendant.[23] Defendant petitioned for review of that order and on June 6, 2008, the Court held a hearing on the subject of Defendant's detention. During that hearing, the government stated that it had monitored Defendant's phone calls from prison, and that in one of them it appeared that he had told his mother to blackmail the Acquaintance. Specifically, the government alleged that Defendant had told his mother to relay to the Acquaintance that he would reveal him as a government agent unless he paid a sum of money. The government cited this as an attempt to obstruct justice and as an additional reason why the Acquaintance should be detained pending trial.

The Court, in upholding Judge Wells' Order, ordered Defendant detained pending trial for the following reasons: (1) Defendant was a risk of nonappearance based on history of meth use and, history of failure to appear, current use of meth, and the significant prison time Defendant was facing; and (2) Defendant posed a risk of danger based on prior criminal history, current meth use, nature of the offense, the fact that Defendant had allegedly revealed to the Trafficker that the Agent was an agent,[24] and the alleged obstruction of justice.

---

[23] Docket No. 8.

[24] The government's initial representations to the Court implied that Defendant revealed the identity of the Agent for a nefarious purpose. However, testimony at the October Hearing indicated that Defendant likely revealed the Agent's identity to an individual other than the Trafficker, but who may have disclosed it to the Trafficker, and that Defendant may have revealed the Agent's identity out of a desire to assist the Agent.

Defendant moves to set aside the Court's May 5, 2008, Order of Detention Pending Trial. During the October Hearing, the government represented to the Court that the review of the recordings of phone calls made by Defendant while incarcerated had been ongoing at the time of the detention hearing, and that there had been some confusion, at that time, regarding the precise nature of the alleged threats and the number and identity of phone calls wherein those threats were made. Also at the October Hearing, the Agent testified that he was familiar, through his experience and training with the FBI, with the jargon of the white supremacist community. The Agent also testified that the language used by Defendant in the phone calls in question was the jargon of the white supremacist community, and that while they might appear innocuous to the casual listener, to the Agent they represented a direct threat on the life of the witness if the witness did not take certain actions.

Recordings of all phone calls have since been provided to Defendant. Defendant argues that the government did not identify the specific phone calls which formed the basis of the government's allegations of threats by Defendant. Defendant argues that the government provided reference to only four calls, none of which contained any explicit threats. The government responds that all recordings have been provided, and that it is the responsibility of defense counsel to listen to the recordings and prepare for any hearings and/or trial. The Court finds that there was no impropriety by the government in providing all recordings to Defendant, but not identifying specific recordings as the basis for allegations of threats by Defendant.

As noted previously, the government attempted to introduce into evidence at the October Hearing four recordings which allegedly support the government's assertions of threats by Defendant. Defendant argues that a transcript is necessary in order to determine whether the

government perpetrated fraud on the Court when it claimed that Defendant had threatened a witness.

The Court finds that Defendant's argument grossly overstates the importance of the transcripts. A review of the transcript of the detention hearing clearly indicates that the alleged threats, and corresponding claims of obstruction of justice, were last in a long list of reasons why the Court affirmed Judge Wells' Order of Detention. The Court reserves judgment on the existence of impropriety in the representation to the Court regarding the actual existence of threats by Defendant, until such time as the Court has reviewed the recordings in light of the testimony of the Agent. However, the Court finds that, even without the government's allegations of threats, there were and are sufficient grounds for detaining the Defendant pending trial, in that the Court finds that there is "no condition or combination of conditions [which] will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and community."[25] Therefore, Defendant's Motion for Review of Detention will be denied.

D. MOTION FOR SANCTIONS

Defendant has moved for sanctions against government counsel for alleged ex parte communications with an employee of the Court based on the following. A hearing entitled "Evidentiary Hearing on Motion" was posted to the Docket Sheet on August 14, 2008,[26] the hearing to be held on October 30, 2008 on the following Motions: (1) Defendant's Motion to Suppress for Miranda Violation; (2) Defendant's Motion for Disclosure of Identity of Confidential Informants; and (3) Defendant's Motion to Strike Sentencing Enhancement. On August 26, 2008, the notice of

---

[25] 18 U.S.C. § 3142.

[26] Docket No. 41.

hearing was altered, indicating that the only evidence to be taken at the October 30, 2008 hearing would be evidence on the Motion to Suppress. The hearing would also include oral arguments, but not evidence, regarding the Motion for Disclosure and the Motion to Strike.

Defendant objected to the change, and argues that government counsel engaged in an ex parte communication with the Court, convincing the Court to change the format of the hearing and disallow evidence on the Motion for Disclosure and the Motion to Strike. The government responds that the change in the hearing notice related to procedural matters, not substance, and therefore the communication was not an impermissible ex parte communication. The government also argues that the proper time for taking evidence on the Motion for Disclosure and Motion to Strike is after oral arguments, so that parties may be heard on the propriety of taking evidence.

Communication between the Court and parties regarding procedural matters, especially surrounding upcoming hearings, are essential to a well-functioning court, and Defendant has offered no evidence beyond assertion and speculation than anything improper occurred as a result of the communication in question. Moreover, Defendant cannot show that he was prejudiced by any allegedly improper actions by the government. Defendant was allowed to question the Agent regarding the issues surrounding the Motion to Disclose and, as discussed *supra*, was unable to meet his burden for a Motion to Disclose. Likewise, the evidence which Defendant wished to present on his Motion to Strike was irrelevant to a determination of malicious prosecution.

Because Defendant has not provided evidence of improper action by the government in connection with the notice of hearings, the Court will deny Defendant's Motion for Sanctions. This should not be interpreted, however, as an endorsement of the conduct of counsel to this point. The Court is gravely concerned at the apparent unwillingness of counsel to act in a professional manner towards each other. As discussed herein, there are disturbing suggestions that the government has

made representations to the Court with regard to Defendant's actions that do not comport with the government's own exhibits. Defense counsel, in return, has repeatedly accused the government of improprieties without a shred of evidence to support those accusations, and has filed a series of motions that are sustained by nothing more than defense counsel's personal opinions. Counsel for both parties are encouraged to begin acting with the professionalism that their respective clients, the Court, and the legal profession's standards of professional conduct demand of them.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Disclosure of Identity of Confidential Informants (Docket No. 32) is DENIED.  It is further

ORDERED that Defendant's Motion to Strike Sentencing Enhancement (Docket No. 35) is DENIED.  It is further

ORDERED that Defendant's Motion for Permission to Subpoena Witnesses (Docket No. 55) is DENIED as moot.

ORDERED that Defendant's Motion for Sanctions and Objection to Ex Parte Communications by Prosecutor (Docket No. 45) is DENIED.  It is further

ORDERED that Defendant's Motion for Review of Detention by District Judge for Fraud on the Court (Docket No. 53) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Amend/Correct Court's Order Regarding Transcripts (Docket No. 64) is GRANTED.  The government will turn over to the Court the four recordings in question within 10 days of the date of this Order.

DATED   November 5, 2008.

                       BY THE COURT:

                       _____
                       TED STEWART
                       United States District Judge