IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS |
| vs. | |
| CLARENCE EUGENE VINCENT,<br>Defendant. | Case No. 2:08-CR-252 TS |

This matter comes before the Court on Defendant's Motion to Suppress Evidence for *Miranda* Violation.[1] Defendant filed the Motion on August 8, 2008. The Court held an evidentiary hearing on the Motion on October 30, 2008, and Defendant filed his Memorandum in Support of his Motion to Suppress on November 21, 2008.[2] The government filed its response on November 24, 2008.[3] This matter is now ready for decision by the Court. For the reasons discussed below, the Court will grant in part and deny in part the Motion to Suppress.

[1]Docket No. 34.

[2]Docket No. 70.

[3]Docket No. 71.

The Indictment charges Defendant with two counts of distribution of methamphetamine, in connection with two methamphetamine transactions negotiated by Defendant and an undercover FBI Agent. The two alleged transactions occurred on February 13, 2008, and March 5, 2008.

On April 15, 2008, four law enforcement officers ("the Officers") appeared at Defendant's home and identified themselves as law enforcement. Defendant was told that he would not be arrested, that he did not have to talk to the Officers, and Defendant consented to have the Officers enter his home. At no time was Defendant advised of his rights. Defendant was enlisted to assist in an investigation of a suspected gang leader and methamphetamine trafficker. Defendant was informed that he would likely be charged in connection with the earlier drug transactions. The Officers told the Defendant that his sentence on those transactions might be reduced if he cooperated in the other investigation.

Defendant was arrested on May 1, 2008, and was allegedly advised orally of his rights while being transported to the FBI office. According to the FBI Agent transporting the Defendant, the discussion during transport did not concern the two methamphetamine transactions for which the Defendant had been charged. According to the Agent, the only thing which was discussed was a separate methamphetamine transaction for which Defendant was neither involved nor charged.

Defendant moves to suppress on the grounds that he was not advised of his *Miranda*[4] rights on either April 15, 2008 or during his arrest on May 1, 2008. The government argues that nothing said by Defendant on either occasion is relevant to the crimes for which Defendant has been charged in the Indictment, and that there is, therefore, nothing to suppress.

---

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

The Court finds that as to the April 15, 2008, encounter, there is no evidence that Defendant was in custody. Accordingly, administration of a *Miranda* warning was unnecessary.[5] "It is settled that the safeguards prescribed by *Miranda* become applicable only when a suspect's freedom of action is curtailed to a degree associated with formal arrest."[6] The Court will deny Defendant's Motion as to the April 15, 2008 conversation.

Defendant was placed under formal arrest on May 1, 2008, so *Miranda* applies. The government argues that Defendant was advised of his rights while being transported to the FBI office, shortly after being placed in the FBI vehicle. Defendant correctly notes, however, that the testimony offered at the October 30, 2008, hearing did not indicate that Defendant was advised that if he could not afford an attorney, one would be provided for him. The *Miranda* warnings offered were therefore deficient. Because Defendant was custodially interrogated on May 1, 2008, without being fully advised of his rights, any statements from that interrogation must be suppressed. Therefore, the Court will grant Defendant's Motion as to the May 1, 2008 conversation.

It is therefore

ORDERED that Defendant's Motion to Suppress (Docket No. 34) is DENIED as to any statements made by Defendant to law enforcement officials at Defendant's home on April 15, 2008. It is further

ORDERED that Defendant's Motion to Suppress is GRANTED as to any statements made by Defendant to FBI Agents while being transported to the FBI office May 1, 2008, or during any

---

[5]*United States v. Jones*, 523 F.3d 1235, 1239 (10th Cir. 2008).

[6]*Id.* (quoting *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984)) (internal quotes and brackets omitted).

interrogation that occurred that day. Any statements made by Defendant during the course of those conversations will be excluded. It is further

ORDERED that the time from the filing of the Motion to Suppress through the date this order is filed is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(g)(1)(F) and (J). The new trial date will be set by separate notice.

DATED November 25, 2008.

BY THE COURT:

TED STEWART
United States District Judge