IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARENCE EUGENE VINCENT,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE AND MOTION FOR JURY INSTRUCTION<br><br><br><br>Case No. 2:08-CR-252 TS |

      This matter is before the Court on Defendant Clarence Vincent's Motion for Jury Instruction. Defendant has indicated his intent to mount an entrapment defense and has requested a jury instruction regarding entrapment. The government moved to strike Defendant's Motion, arguing that the issue of entrapment had already been decided by the Court in its Memorandum Decision and Order issued November 5, 2008.[1] Having determined that oral argument would not materially assist in the determination of this matter, the Court will decide the issues herein without oral argument. For the reasons set forth below, the Court will deny the government's Motion to Strike and Defendant's Motion for Jury Instruction.

---

[1] Docket No. 66.

## I.  BACKGROUND

Defendant was contacted by an acquaintance (the "Acquaintance") who asked Defendant to set up a meeting with a certain alleged drug trafficker (the "Trafficker") who, unbeknownst to Defendant, was the subject of a government investigation.  Defendant agreed to set up the meeting, at which time he met, for the first time, an undercover FBI Agent (the "Agent").  The Acquaintance allegedly bought meth from the Trafficker at that dinner, but away from the table where Defendant was sitting, and the Trafficker was arrested and charged for that offense.  The Acquaintance gave $100 to everyone in attendance at the meeting.

After the meeting, Defendant and the Acquaintance left town for a few days and, on their way back, they discussed Defendant's unemployment and need for money.  The Acquaintance told Defendant that he and his friend, the Agent, had a plan to make money selling meth and asked Defendant if he could get meth.  Defendant immediately made some phone calls with his cell phone, and was able to immediately get a small bag of meth.[2]  The Acquaintance continued to ask for Defendant's help and Defendant was able to arrange a deal wherein he went to a parking lot, took a quantity of meth from a third party, walked it across the parking lot, and handed the drugs to the Agent.  The Agent also asked if Defendant could get him a gun, but Defendant told the Agent that he was unable to help him.  A few weeks later, Defendant engaged in a "transaction" with the Agent and "made some money."[3]

Defendant was incarcerated for a time on an unrelated offense and, while Defendant was incarcerated, the Agent made contact with Defendant's supplier.  Upon Defendant's release from

---

[2]Defendant is not charged with arranging that small amount of meth.

[3]Docket No. 58-2, ¶ 10.

incarceration, he asked the Agent to deal directly with the supplier and to not involve Defendant any longer.

Defendant was indicted for his role in obtaining drugs for the Agent. Believing that the Acquaintance was working for the government, Defendant filed a Motion for Disclosure of Confidential Informant,[4] arguing that he was entrapped, and that the identity of a presumed government informant would be necessary to pursue an entrapment defense. In a Memorandum Decision and Order, dated November 5, 2009, the Court denied the Motion for Disclosure, holding that Defendant had failed to provide sufficient evidence that the alleged informant had participated in the alleged entrapment. As part of the Order, the Court also stated that Defendant had failed to provide evidence that: (1) he was deceived in any way by the government; and (2) he was not predisposed to commit the crime.

## II. DISCUSSION

Defendant now moves the Court to instruct the jury on the issue of entrapment, arguing that he had no predisposition to sell drugs, but that the government induced his participation in illegal activities by means of his friendship with the Acquaintance. The government argues that the Court's November 5, 2009 Order resolved the issue of entrapment, so that Defendant's Motion for Jury Instruction is improper. Defendant responds that the Court was never called upon to rule directly on Defendant's proposed entrapment defense, and that any discussion of entrapment in the Court's Order cannot be considered to be the Court's final ruling on the issue of entrapment. Because the Court finds that Defendant's characterization of the procedural history is correct, the government's Motion to Strike will be denied. However, the Court also finds, after careful consideration of the

---

[4]Docket No. 32.

evidence, that Defendant has failed to satisfy the requirements of an entrapment defense, and his Motion for Jury Instruction will also be denied.

"A criminal defendant is entitled to an instruction on his theory of defense provided that theory is supported by some evidence and the law."[5] To prevail on an entrapment defense, Defendant would be required to establish (1) that government agents induced the defendant to commit the offense and (2) that defendant was not otherwise predisposed to commit the offense.[6] "Only when the government deceives the defendant in such a way as to 'actually implant[ ] the criminal design' in the defendant's mind does entrapment come into play."[7]

Defendant has failed to provide evidentiary support for his assertions that he was entrapped by the government. After careful consideration of the evidence provided by Defendant in connection with his earlier Motion for Disclosure and the current motion, the Court finds that the evidence simply cannot sustain an inference that the government deceived the defendant in any way, so as to implant the criminal design in his mind. Even assuming, *arguendo*, that the Acquaintance was a government agent, the evidence indicates only that he offered Defendant a way to earn some money.

Defendant argues that he was not predisposed to sell drugs, and that it was only after the Acquaintance paid for a trip out of town and appealed to Defendant's friendship that Defendant agreed to arrange the drug sales. Without some evidence that Defendant was not otherwise

---

[5] *United States v. Haney*, 318 F.3d 1161, 1163 (10th Cir. 2003). *See also United States v. Visinaiz*, 428 F.3d 1300, 1308 (10th Cir. 2005) ("Criminal defendants are entitled to jury instructions upon their theory of defense provided there is evidentiary and legal support.").

[6] *United States v. Yarbrough*, 527 F.3d 1092, 1099 (10th Cir. 2008).

[7] *United States v. Madrigal*, 43 F.3d 267, 1369 (10th Cir. 1994).

predisposed to commit the crime, however, speculations and allegations that friendship and promises of money were used to entice Defendant into committing the crime are insufficient.[8]

Defendant has attempted to provide evidence that he was not otherwise predisposed to commit the offense. Defendant offers: (1) his own affidavit, disclaiming any predisposition to sell drugs but admitting a drug habit; (2) an affidavit from a friend stating that the friend has never seen Defendant sell drugs but conceding that it was possible that Defendant had a drug habit; (3) an affidavit from a former girlfriend stating that Defendant has never sold drugs but admitting that Defendant has a drug habit; and (4) an affidavit from Defendant's cousin stating that Defendant uses drugs and might "put a friend in touch with a person who sells drugs, but . . . would not sell drugs or profit from them."[9]

Each of the affidavits expressly proclaims a lack of predisposition to sell drugs, but also includes language that implies the potential for a predisposition. The affidavits are, therefore, not particularly convincing, yet they do provide some evidence of a lack of predisposition. However, Defendant's argument encompasses only the initial sale of meth, for which Defendant is not charged. Defendant argues that the initial transaction was induced, and that the subsequent drug crimes committed by Defendant would be covered by the same entrapment defense, even though the Acquaintance was not directly involved. The U.S. Supreme Court has stated that a single act of entrapment can provide an entrapment defense for more than one crime, so long as the series of crimes constituted a "course of conduct" which was the product of the original inducement.[10]

---

[8] *United States v. Mendoza*, 236 Fed. Appx. 371, 386 (10th Cir. 2007).

[9] Docket No. 86, Ex. 3 at 3, ¶ 7.

[10] *Sherman v. United States*, 356 U.S. 369, 374 (1958).

Defendant, however, has failed to show that the crimes for which Defendant is charged are part of course of conduct with the original interaction between the Acquaintance and Defendant.

The evidence clearly establishes that the Acquaintance did not participate in the illegal transaction for which Defendant was arrested. After the initial sale of meth, at which time the Acquaintance put Defendant in contact with the Agent, the Acquaintance had no other involvement. Moreover, the evidence shows that Defendant refused to assist the Agent in obtaining a firearm, indicating that Defendant did not feel compelled to assist the Agent out of respect for Defendant's friendship with the Acquaintance. Instead, it indicates that Defendant was willing to take certain actions, but not others, in return for getting paid.

Defendant also argues that he eventually requested that the Agent deal directly with Defendant's supplier, and that his actions indicate a level of discomfort with the idea of distributing drugs. A showing of discomfort, however, is not the same as a showing of lack of predisposition, and the only potential signs of discomfort came after Defendant allegedly participated in the two drug sales for which he has been indicted.

Because Defendant has failed to show either that he was induced to distribute drugs on the two occasions for which he is indicted, or that he lacked a predisposition to commit those crimes, Defendant is not entitled to an entrapment defense, and his motion for an entrapment jury instruction will be denied.

This ruling is based upon the evidence presently before the Court. If, at trial, Defendant is able to produce sufficient additional evidence in support of his proposed entrapment defense, the Court will revisit this ruling on Defendant's proposed jury instruction.

### III. CONCLUSION

It is therefore

ORDERED that the government's Motion to Strike Defendant's Motion for Entrapment Jury Instructions (Docket No. 87) is DENIED. It is further

ORDERED that Defendant's Motion for Jury Instruction (Docket No. 85) is DENIED.

DATED   April 21, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge