IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN CHARACTER EVIDENCE, GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE QUESTIONS ON IDENTITY OF CONFIDENTIAL INFORMANT, AND DENYING DEFENDANT'S MOTION IN LIMINE |
| vs. | |
| CLARENCE EUGENE VINCENT,<br>Defendant. | Case No. 2:08-CR-252 TS |

This matter is before the Court on two Motions in Limine filed by the government and one Motion in Limine filed by Defendant. In the first government motion, a Motion in Limine to Exclude Certain Character Evidence (the "Predisposition Motion"), the government moves to exclude certain witness testimony regarding predisposition to commit the crimes, in connection with Defendant's proposed entrapment defense. In the second government motion, a Motion in Limine to Exclude Questions on Identity of Confidential Informant (the "Identity Motion") the government

moves to exclude questions regarding the identity of an alleged confidential informant. In Defendant's Motion in Limine, he moves the Court: (1) to allow testimony of third-parties as to his predisposition to sell drugs; (2) to order the government to turn over an audio recording pursuant to *Brady v. Maryland*;[1] (3) to allow cross examination of the government's witness regarding the identity of an alleged government informant; (4) to allow direct questioning of an alleged confidential informant regarding his status as such; (5) to allow impeachment of the alleged confidential informant with the contents of the previously-mentioned audio recording; and (6) to exclude Defendant's prior conviction.[2]

For the reasons set forth below, the Court will grant in part and deny in part the Predisposition Motion, will grant the government's Identity Motion, and will deny Defendant's Motion.

## I. BACKGROUND

As noted in its previous orders, the government alleges the following: Defendant was contacted by an acquaintance (the "Acquaintance") who asked Defendant to set up a meeting with a certain alleged drug trafficker (the "Trafficker") who, unbeknownst to Defendant, was the subject of a government investigation. Defendant agreed to set up the meeting, at which time he met, for the first time, an undercover FBI Agent (the "Agent"). The Acquaintance allegedly bought meth from the Trafficker at that dinner, but away from the table where Defendant was sitting, and the Trafficker was arrested and charged for that offense. The Acquaintance gave $100 to everyone in attendance at the meeting.

---

[1]373 U.S. 83 (1963).

[2]Defendant also argues in favor of his requested instruction on entrapment, but the Court will deal with the issue of entrapment jury instructions in a contemporaneous order.

After the meeting, Defendant and the Acquaintance left town for a few days and, on their way back, they discussed Defendant's unemployment and need for money. The Acquaintance told Defendant that he and his friend, the Agent, had a plan to make money selling meth and asked Defendant if he could get meth. Defendant immediately made some phone calls with his cell phone, and was able to immediately get a small bag of meth.[3] The Acquaintance continued to ask for Defendant's help and Defendant was able to arrange a deal wherein he went to a parking lot, took a quantity of meth from a third party, walked it across the parking lot, and handed the drugs to the Agent. The Agent also asked if Defendant could get him a gun, but Defendant told the Agent that he was unable to help him. A few weeks later, Defendant engaged in a "transaction" with the Agent and "made some money."[4]

Defendant was incarcerated for a time on an unrelated offense and, while Defendant was incarcerated, the Agent made contact with Defendant's supplier. Upon Defendant's release from incarceration, he asked the Agent to deal directly with the supplier and to not involve Defendant any longer.

Defendant was indicted for his role in obtaining drugs for the Agent. Defendant has repeatedly argued that he was entrapped by the Acquaintance, which Defendant believes was a confidential informant for the government. The Court has already denied Defendant's Motions for Disclosure of Identity of Confidential Informant[5] and for a Jury Instruction on entrapment,[6] holding

---

[3]Defendant is not charged with arranging that small amount of meth.

[4]Docket No. 58-2, ¶ 10.

[5]Docket No. 32.

[6]Docket No. 85.

that there was insufficient evidence of inducement or lack of predisposition, but the Court also indicated that it would allow Defendant to attempt to muster evidence at trial in support of his requested entrapment defense.

Defendant has indicated that he intends to call a number of witnesses who previously submitted affidavits regarding Defendant's alleged lack of predisposition. Defendant also has indicated he intends to call the Acquaintance, possibly to question the Acquaintance regarding Defendant's claim that the Acquaintance was a confidential informant for the government. In response, the government filed its Motions in Limine, arguing that Defendant should not be allowed to introduce the testimony of third parties as to Defendant's lack of predisposition or to question the Acquaintance regarding the identity of the government's alleged confidential informant. Defendant's Motion in Limine is a response to the government's motions and raises additional evidentiary questions.

## II. DISCUSSION

### A. THE PREDISPOSITION MOTION

Rule 404(a) of the Federal Rules of Evidence disallows introduction of evidence of a person's character or trait of character, with few exceptions. One exception is that a criminal defendant may introduce evidence of a pertinent trait of character, at which time the government is entitled to introduce similar evidence to rebut that introduced by the defendant.[7] Rule 405 of the Federal Rules of Evidence allows for the introduction of character evidence by way of reputation in the community, or by specific instances of conduct where the character or trait of character is an essential element of the charge against a defendant or a defense offered by the defendant.

[7]Fed. R. Evid. 404(a)(1).

Defendant has indicated his intent to mount an entrapment defense. To prevail on an entrapment defense, Defendant must establish (1) that government agents induced the defendant to commit the offense and (2) that defendant was not otherwise predisposed to commit the offense.[8] "Only when the government deceives the defendant in such a way as to 'actually implant[ ] the criminal design' in the defendant's mind does entrapment come into play."[9]

The government argues that evidence of predisposition may not be introduced under Fed. R. Evid. 404(a) and 405 because such evidence is not character evidence but, rather, evidence regarding the state of mind of the Defendant.[10] Defendant attempts, unsuccessfully, to distinguish the facts of the present case from those found in *Webster*. While the question presented to the court in *Webster* was whether certain evidence was subject to the hearsay rules, the court stated very clearly the rule that predisposition, in an entrapment context, is not a question of character.[11] It is that clear rule which the government cited and relied upon in their memorandum. Moreover, while the Tenth Circuit has never squarely addressed whether predisposition evidence may be properly introduced under Fed. R. Evid. 404(a) and 405, Tenth Circuit precedent clearly establishes that entrapment is an issue of altering a defendant's state of mind. Therefore, the Court will consider predisposition to be an issue regarding Defendant's state of mind, not an issue of Defendant's character, and evidence regarding a lack of predisposition by Defendant to distribute methamphetamine may not be introduced through Fed. R. Evid. 404(a) and 405.

---

[8] *United States v. Yarbrough*, 527 F.3d 1092, 1099 (10th Cir. 2008).

[9] *United States v. Madrigal*, 43 F.3d 267, 1369 (10th Cir. 1994).

[10] *United States v. Webster*, 649 F.2d 346, 350 (5th Cir. 1981).

[11] *Id.* (holding that "predisposition is a state of mind, not a character trait").

In order to introduce evidence regarding lack of predisposition, the evidence must be relevant to the Defendant's state of mind *at the time he was invited to commit the crimes*.[12] Testimony by the Defendant himself, if he chooses to waive his right not to testify, could be relevant to his state of mind. The Court notes, however, that if Defendant testifies, he must "substantially admit that he committed the crime . . . . If he denies the commission of the crime charged, the defense of entrapment is not available to him."[13] Because third parties are generally not capable of testifying regarding Defendant's state of mind, the Court will exclude all testimony by third parties regarding predisposition. However, the Court will allow defense witnesses to offer character testimony under Fed. R. 404(a) and 405 that pertains to the narrow character traits at issue in this case–namely the Defendant's character for honesty and law-abiding nature.

The Court notes that, if Defendant chooses to waive his right not to testify and testifies that he lacked predisposition to distribute drugs, it would open the door for the government to show Defendant's predisposition to commit the crimes "by evidence of similar prior illegal acts or it may be inferred from the defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience

---

[12]*United States v. Hildreth*, 485 F.3d 1120, 1126 (10th Cir. 2007) (holding that predisposition must "be viewed at the time the government agent first approached the defendant, but inferences about that predisposition may be drawn from events occurring after the two parties came into contact") (internal quotes omitted). *See also United States v. Kusic*, 17 F.3d 1435, *2 (4th Cir. 1994) (unpublished opinion) (holding that testimony from the defendant's acquaintances that they were unaware of the defendant's involvement with drugs was "irrelevant in that it did not prove what his state of mind was at the time [the government agent] made the requests to buy drugs").

[13]*United States v. Ortiz*, 804 F.2d 1161, 1164 n.3 (10th Cir. 1986) (citing *United States v. Mora*, 768 F.2d 1197, 1198-99 (10th Cir. 1985) and *Munroe v. United States*, 424 F.2d 243, 244 (10th Cir. 1970)).

in the criminal activity."[14] Additionally, testimony from third-party witnesses as to Defendant's character for honesty and law-abiding nature would likewise open the door to government inquiry on those character traits.

Defendant, in his motion, argues that his prior conviction is almost twenty years old, and would therefore not be admissible under Fed. R. Evid. 609(b), which establishes a ten-year limitation on felony convictions. Fed. R. Evid. 609(a), however, makes clear that Rule 609 is applicable only to impeachment evidence regarding the truthfulness of the witness. The Court finds that Rule 609 is inapplicable to the present case. The Court also finds that a prior conviction for drug trafficking by Defendant is highly probative of his predisposition to commit the crimes which he is alleged to have committed. Even though the intervening years have lessened the probative value somewhat, the Court finds that, in the event Defendant chooses to testify and deny a predisposition to distribute methamphetamine, the probative value of his alleged prior conviction is not substantially outweighed by the minimal prejudicial nature created by the intervening years.

B. THE IDENTITY MOTION

A decision regarding disclosure of the identity of a confidential informant requires "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."[15] The Tenth Circuit has held that disclosure is required if the individual's testimony "might be relevant to the defendant's case and justice would be best served by

---

[14]*Hildreth*, 485 F.3d at 1126 (citing *United States v. Nguyen*, 413 F.3d 1170, 1178 (10th Cir. 2005)).

[15]*Roviaro v. United States*, 353 U.S. 53, 62 (1957).

disclosure,"[16] and that the court must consider the particular circumstances of the case, including the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.[17] "Mere speculation about the usefulness of an informer's testimony is not sufficient."[18] Moreover, "where the information sought would be merely cumulative, or where the informer did not participate in the illegal transaction, disclosure is not required."[19]

The Court has previously held that Defendant must show that the government's interest in facilitating the continued flow of information to law enforcement through the use of confidential informants is outweighed by the relevance and helpfulness of the information he seeks to his entrapment defense.[20] The Court has also held that Defendant has not yet provided sufficient evidence to allow an entrapment defense.[21]

Defendant argues, in his motion, that the existence of a confidential informant is essential to his entrapment defense. He therefore requests that the Court allow questioning of the Acquaintance and the Agent regarding the identity of the alleged confidential informant. The government requests that the Court prohibit questioning of either the Acquaintance or the Agent regarding the identity of the confidential informant until such time as the Defendant can establish

---

[16] *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000-01 (10th Cir. 1992) (internal citation omitted).

[17] *United States v. Mendoza*, 236 Fed. Appx. 371, 386 (10th Cir. 2007) (quoting *Roviaro*, 353 U.S. at 59).

[18] *Id.* (quoting *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987)).

[19] *Mondoza-Salgado*, 964 F.2d at 1001.

[20] Docket No. 66 at 4-5 (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)).

[21] *Id.* at 6-7.

sufficient foundation for an entrapment defense. In keeping with its prior order denying Defendant's Motion for Disclosure, the Court will do so. Additionally, the Court will go one step further, for in order to obtain disclosure of a confidential informant, Defendant must also show that the government's interest is outweighed by the relevance and helpfulness of the information. Therefore, the Court will exclude all testimony regarding the identity of the alleged confidential informant, but is willing to revisit its ruling during the course of trial if Defendant is able to meet his burden, as described above. Defendant will be allowed to question the Acquaintance only regarding specific actions taken by Acquaintance in Defendant's presence and things which the Acquaintance said to Defendant. No questioning of the Agent or the Acquaintance regarding the identity of the alleged confidential informant will be allowed until such time as Defendant has presented sufficient evidence to support his entrapment defense and to show that the need for the identity of the informant outweighs the government's need to maintain confidentiality. If Defendant believes that he has made such a showing, he should request, out of the presence of the jury, an opportunity to question the witness regarding the alleged confidential informant.

C. DEFENDANT'S MOTION IN LIMINE

In addition to the issues raised by Defendant in response to the government's motions, Defendant also makes two requests related to an audio recording, made in January 2008. Defendant states that "[i]t is clear from the content of the audio recording that [the Acquaintance] was the confidential informant assisting and acting as an agent of the F.B.I."[22] However, Defendant fails to accompany that bold assertion with any specifics regarding how the contents of the audio recording support his proposed entrapment defense. The Court is aware of no evidence establishing the

[22]Docket No. 129 at 2.

identity of the Acquaintance as one of the voices on the audio recording. Moreover, even the alleged relevance of the audio recording pertains only to Defendant's proposed entrapment defense and, as noted above, Defendant has failed to meet his burden in providing evidence to support a defense of entrapment. Therefore, the Court will deny Defendant's motion, but is willing to revisit its ruling if, at trial, Defendant is able to establish the necessary elements of an entrapment defense, to the Court's satisfaction, and is able to provide a foundation for asserting that the voice on the audio recording is that of the Acquaintance.

## III. CONCLUSION

It is therefore

ORDERED that the government's Motion *in Limine* to Exclude Certain Character Evidence (Docket No. 121) is GRANTED IN PART AND DENIED IN PART, as described above. It is further

ORDERED that the government's Motion *in Limine* to Exclude Questions on Identity of Confidential Informant (Docket No. 123) is GRANTED. It is further

ORDERED that Defendant's Motion in Limine (Docket No. 128) is DENIED. In the interest of clarity, the parties are advised as follows:

1. Defendant bears the burden of establishing, to the satisfaction of the Court, sufficient factual support for his proposed entrapment defense, which requires a showing of both inducement and lack of predisposition.
2. Until Defendant has met the requirements for an entrapment defense, Defendant may question the Acquaintance only regarding his statements directly to Defendant or his actions taken in Defendant's presence.

3. Until Defendant has met the requirements for an entrapment defense and has shown that his need for the identity of the confidential informant outweighs the government's interest in maintaining confidentiality, Defendant may not question the Acquaintance or cross-examine the Agent regarding the identity of the alleged confidential informant.

4. Until Defendant has met the requirements for an entrapment defense, has shown that his need for the identity of the confidential informant outweighs the government's interest in maintaining confidentiality, and has provided a foundation for the claim that the voice on the recording is that of the Acquaintance, Defendant is not entitled to have the government turn over the January 2008 audio recording, nor may Defendant attempt to impeach the Acquaintance with the contents of the recording.

5. In attempting to establish the requirements for an entrapment defense, no defense witness, other than Defendant, if he chooses to waive his right not to testify, will be allowed to testify regarding Defendant's lack of predisposition to commit the crimes charged.

6. If Defendant chooses to testify, his prior drug trafficking conviction will be admissible against him.

7. Defense witnesses will be allowed to testify regarding Defendant's character for honesty and law-abiding nature, subject to inquiry by the government regarding Defendant's character for dishonesty and non-law-abiding nature.

DATED July 13, 2009.

BY THE COURT:

TED STEWART
United States District Judge