IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>CLARENCE EUGENE VINCENT,<br><br>　　Defendant. | MEMORANDUM AND DECISION ON ENTRAPMENT JURY INSTRUCTION<br><br><br><br>Case No. 2:08-CR-252 TS |

Defendant has indicated his intent to pursue an entrapment defense during trial. The Court previously held that Defendant had not presented sufficient evidence to support an entrapment defense,[1] but has also indicated its willingness to revisit its ruling at trial in the event that Defendant is able to present sufficient evidence to support an entrapment instruction. In preparation for trial, both Defendant and the government have submitted proposed jury instructions on entrapment, in the event Defendant is successful in presenting evidence to support such an instruction. Defendant's jury instruction is essentially identical to the Tenth Circuit Pattern Instruction 1.27. The government argues, however, that the pattern instruction does not adequately reflect Tenth Circuit precedent on entrapment defenses. The government, in essence, argues that Defendant's proposed jury instruction

---

[1] Docket No. 96 at 6.

1

understates the complexity of the two required elements of entrapment, inducement and lack of predisposition.[2]

The Tenth Circuit has said the following about the element of inducement:

Inducement is government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense. It can occur through persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or please based on need, sympathy or friendship. Simple evidence that a government agent solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. Inducement also will not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime.[3]

This definition implicates the obvious question of whether the defendant was eager or reluctant to engage in the charged criminal conduct.[4]

Inducement requires a showing not only that the government afforded a defendant an opportunity to commit a crime but also that it brought to bear something more–something akin to excessive pressure, threats, or the exploitation of unfair advantage.[5]

The Tenth Circuit has stated the following about the element of predisposition:

[Predisposition is] defendant's inclination to engage in the illegal activity for which he has been charged, i.e. that he is ready and willing to commit the crime. The defendant's predisposition may be shown by evidence of similar prior illegal acts or it may be inferred from [the] defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity. Moreover, predisposition must be viewed at the time the government agent first approached the

---

[2] *United States v. Hildreth*, 435 F.3d 1120, 1126 (10th Cir. 2007).

[3] *United States v. Yarbrough*, 527 F.3d 1092, 1100 (10th Cir. 2008) (quotations and citations omitted).

[4] *United States v. Ortiz*, 804 F.2d 1161, 1165 (10th Cir. 1986) (quotations and citations omitted).

[5] *Yarbrough*, 527 F.3d at 1100 (citing *United States v. Shinderman*, 515 F.3d 5, 14 (1st Cir. 2008)).

defendant, but inferences about that predisposition may be drawn from events occurring after the two parties came into contact.[6]

After careful review of Tenth Circuit precedent regarding entrapment, the Court is convinced that the instruction proposed by the government more accurately states Tenth Circuit law regarding entrapment and that Defendant's proposed jury instruction would be misleading to the jury. Therefore, in the event that Defendant is successful in his attempts to obtain a jury instruction regarding entrapment, in accordance with the Court's previous rulings on the subject, the jury instructions on entrapment will read as follows:

INSTRUCTION NO. __

As a defense to the crimes charged in the Indictment, the defendant has asserted that he was entrapped. To overcome that defense, the government must establish the following two elements beyond a reasonable doubt:

1. That the government did not induce the defendant into committing the crimes alleged, and

2. That the defendant was predisposed to commit the crimes alleged.

If the government fails to prove each of the above-stated elements beyond a reasonable doubt, then you must acquit the defendant of the crimes charged.

INSTRUCTION NO. __

"Inducement" may be defined as government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense. This definition implicates the obvious question of whether

---

[6]*Hildreth*, 485 F.3d at 1126.

the defendant was eager or reluctant to engage in the charged criminal conduct. Government inducement may take the form of persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. Evidence that a government agent solicited, requested or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. Inducement also will not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime. Inducement requires a showing not only that the government afforded a defendant an opportunity to commit a crime but also that it brought to bear something more–something akin to excessive pressure, threats, or the exploitation of an unfair advantage.

INSTRUCTION NO. __

"Predisposition" is the defendant's inclination to engage in the illegal activity for which he has been charged, i.e. that he is ready and willing to commit the crime. The defendant's predisposition may be shown by evidence of similar prior illegal acts or it may be inferred from the defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity. Moreover, predisposition must be viewed at the time the government agent first approached the defendant, but inferences about that predisposition may be drawn from events occurring after the two parties came into contact.

SO ORDERED.

DATED   July 13, 2009.

                          BY THE COURT:

                          _____
                          TED STEWART
                          United States District Judge