IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENCE EUGENE VINCENT,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR ENTRAPMENT DEFENSE<br><br><br><br>Case No. 2:08-CR-252 TS |

Defendant has stated his desire to present an entrapment defense to the jury. The Court has previously denied Defendant's Motions related to his proposed entrapment defense, and has limited Defendant's questioning of certain witnesses, based upon the Court's finding that Defendant had not established the necessary elements of an entrapment defense: (1) that government agents induced Defendant to commit the offense and (2) that Defendant was not otherwise predisposed to commit the offense.[1]  However, the Court indicated it was willing to revisit its decision in the event that Defendant was able to present, at trial, sufficient evidence to establish those elements.

---

[1] *United States v. Yarbrough*, 527 F.3d 1092, 1099 (10th Cir. 2008).

1

The Tenth Circuit has stated that "[o]nly when the government deceives the defendant in such a way as to 'actually implant[ ] the criminal design' in the defendant's mind does entrapment come into play."[2]

Regarding the element of inducement, the Tenth Circuit has stated the following:

> Inducement is government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense. It can occur through persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. Simple evidence that a government agent solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. Inducement also will not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime.
>
> Inducement requires a showing not only that the government afforded a defendant an opportunity to commit a crime but also that it brought to bear something more–something akin to excessive pressure, threats, or the exploitation of unfair advantage.[3]

Regarding the element of predisposition, the Tenth Circuit has stated the following:

> [Predisposition is] defendant's inclination to engage in the illegal activity for which he has been charged, i.e. that he is ready and willing to commit the crime. The defendant's predisposition may be shown by evidence of similar prior illegal acts or it may be inferred from [the] defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity. Moreover, predisposition must be viewed at the time the government agent first approached the defendant, but inferences about that predisposition may be drawn from events occurring after the two parties came into contact.[4]

---

[2] *United States v. Madrigal*, 43 F.3d 267, 1369 (10th Cir. 1994).

[3] *Yarbrough*, 527 F.3d at 1100 (quotations and citations omitted).

[4] *United States v. Hildreth*, 485 F.3d 1120, 1126 (10th Cir. 2007) (citing *United States v. Nguyen*, 413 F.3d 1170, 1178 (10th Cir. 2005) and *United States v. Garcia*, 182 F.3d 1165, 1169 (10th Cir. 1999)).

The Tenth Circuit has also stated that "[w]hen the evidence presents no genuine [factual] dispute, there is no factual issue for the jury, and the [Court] has a duty to rule on the defense as a matter of law."[5]  After careful review of the evidence presented in this case, construing all facts in the light most favorable to the accused and accepting as true Defendant's characterization of Mr. Arthur, a long-time friend of Defendant's, as a government agent for the purposes of entrapment, the Court finds that there is insufficient evidence to establish a genuine factual dispute on the issue of entrapment.

The Court finds that Defendant has not established a genuine factual dispute regarding the element of inducement.  Viewed in the light most favorable to Defendant, the evidence establishes only that Mr. Arthur took Defendant, his friend, to Mesquite, Nevada for approximately a week and paid the expenses of Defendant and his girlfriend during that week.  Returning to the Salt Lake City, Utah area, Mr. Arthur asked Defendant to sell drugs to Agent Rogers as a favor to Mr. Arthur.  Defendant testified that he agreed only as a favor to Mr. Arthur.  The Court finds that this falls short of the Tenth Circuit's requirement that the government "use[] coercive tactics, prey[] on economic need, or use[] hard-sell rhetoric."[6]

With regard to the element of predisposition, the parties have presented conflicting evidence regarding Defendant's predisposition to commit the crimes charged.  The Court, therefore, will issue no ruling regarding the element of lack of predisposition.  However, because Defendant has failed to establish the necessary elements of inducement or lack of predisposition, the Court finds that, as a matter of law, there is insufficient evidence to constitute a triable issue of entrapment.  The Court

---

[5]*United States v. Ortiz*, 804 F.2d 1161, 1164 (10th Cir. 1986).

[6]*Yarbrough*, 527 F.3d at 1100 (quotations and citations omitted).

will, therefore, not instruct the jury on entrapment, defense counsel will not be permitted to argue entrapment in his closing, and the remainder of the Court's prior rulings regarding questioning of witnesses regarding entrapment are hereby reaffirmed.

    SO ORDERED.

    DATED   July 16, 2009.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge